## SUPREME COURT.

### WYNKOOP and others agt. HOLBERT.

In an action in justice's court, plaintiffs recovered judgment for $140, and costs. Defendant appealed, and in his notice of appeal claimed that the judgment should have been more favorable, in that it should have been in his favor. On trial on appeal, plaintiffs recovered a verdict for $68.59.

*Held*, that defendant gave plaintiffs no opportunity to correct the judgment, except by an entire reversal, and therefore plaintiffs were entitled to *costs on the appeal*.

*Schuyler Special Term, June*, 1863.

THIS action was brought in justice's court to recover damages against defendant for enticing plaintiff's colt into his yard and carelessly injuring it. On the trial in justice's court, plaintiffs recovered a judgment for $140 and costs. The defendant appealed to the county court of Chemung county, whereupon the county judge certified the cause into the supreme court, on the ground that he could not hear it by reason of consanguinity.

The notice of appeal specified three errors complained of,

in the following language : " 1st. That the facts proved on the trial do not show a cause of action in favor of the plaintiffs, against the defendant. 2d. That there is no liability shown on the part of the defendant to pay for the colt. 3d. Defendant claims that said judgment should have been more favorable to him in this particular, namely, that it should have been in his favor, for no cause of action, and for costs."

The cause was tried at the Chemung circuit in April, 1863, when the jury rendered a verdict for plaintiffs for $68.59.

The parties each presented bills of costs to the clerk of Chemung county for taxation. The clerk refused to tax the plaintiffs' costs, and taxed those presented by defendant. The plaintiffs move for a re-taxation, and that the clerk be directed to tax and allow them their legal costs and disbursements on the appeal.

SMITH, ROBERTSON & FASSET, *for plaintiffs.*
SMITH & SPAULDING, *for defendant.*

By the court, CAMPBELL, Justice. The plaintiff recovered a judgment in the justice's court, and on appeal and trial in the court above the verdict was in favor of the plaintiff, but for a less amount than the judgment in the justice's court. As the prevailing party, the plaintiffs are entitled to costs, unless the case falls within the exceptions mentioned in the amendments of 1862 to section 371 of the Code. I think it does not, for the reason that the notice of appeal does not state any particular in which the judgment in the justice's court could have been corrected or amended. The defendant, in his notice, claimed that the facts proved did not show a cause of action ; that there was no liability established by the proof, and that the judgment should have been more favorable to him in this, that it should have been in his favor for costs, on the

ground that there was no cause of action shown. If the defendant could have made good his claim before the appellate court on the trial, there should have been a verdict in his favor, and virtually an entire reversal of the justice's judgment. The judgment should have been *reversed*, not *amended* or *corrected*. The evil which the amendment to section 371 was intended to remedy, has been apparent to every judge who has sat in courts of review. Judgments were entirely reversed for errors which it was manifest affected only parts or portions of such judgments. Now the party who feels aggrieved by any judgment, may point out any particular which he claims to be error, and if the successful party is satisfied that there is error in such particular, or does not desire further to litigate such particular, he may waive it, and give notice to the justice and the appellant that he will allow the judgment to be corrected in the particular or particulars mentioned in the notice of appeal. If, when such particulars are pointed out by the notice of appeal, and claimed to be errors, the respondent refuses to admit them as such, and the appellant succeeds in establishing them as error in the appellate court, and by this means renders the judgment more favorable to him than it was in the court below, then the respondent shall pay costs, even though the judgment may still be in his favor as to the particulars not in dispute. But when the appellant points out no particular error, no particular in which the judgment should be corrected or amended, but claims, as in this case, that the respondent has not made out a cause of action, then the whole subject of the controversy remains entire. The claim is not that the judgment be amended or corrected, but that it be reversed. The only offer which the respondent could have made would have been, that the judgment was erroneous and might be reversed. This offer, it is very clear, he was not required to make. The amendment might have been drawn with more precision, but the meaning and intent of

the legislature I think is plain. The clerk erred in taxing costs for the defendant and appellant. The taxation must be set aside, and costs must be taxed for the respondent as the prevailing party. The question is new, and there will be no costs on this motion.